**\*AMENDED BLD-046**                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2515
_____

RAMSEY RANDALL,
Appellant

v.

FACEBOOK, INC., SUPERVISORY LIABILITY;
FOX NEWS AND ENTERTAINMENT, INC., SUPERVISORY LIABILITY;
GOOGLE, INC., CORPORATE ENTITY, SUPERVISORY LIABILITY;
READING EAGLE COMPANY, Supervisory Liability; DISTRICT ATTORNEY JOHN
ADAMS, ESQ. IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; WEST
READING POLICE DEPARTMENT; JOSEPH M. BROWN, CRIMINAL
INVESTIGATOR, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
KARIE GOOD, Police Officer, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES;
BERKS COUNTY PENNSYLVANIA (TOWNSHIP), IN ITS OFFICIAL/INDIVIDUAL
CAPACITY VIA MUNICIPAL LIABILITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-17-cv-01526)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 9, 2017

Before:  AMBRO, RESTREPO, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 30, 2017)

_____

OPINION[*]

_____

PER CURIAM

Ramsey Randall, proceeding pro se, appeals the order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

According to Randall's complaint, on May 14, 2015, Randall was arrested in Berks County, Pennsylvania, and charged with offenses relating to organized crime. Randall alleged that this prosecution was in retaliation for a civil complaint that he had filed against the local municipality. Over the next few weeks, the local media reported about the prosecution and called Randall a gang member involved with the "Sixth Ward Organization." This information was also promulgated on social media and internet search engines. The prosecutor eventually withdrew the organized crime charge against Randall, but Randall was convicted of related charges.

Following his conviction, Randall filed a civil rights complaint in the Eastern District of Pennsylvania. Randall named (1) Berks County, the West Reading Police Department, District Attorney John Adams, Detective Joseph Brown, Police Officer Karie Good ("the municipal defendants"), and (2) the Reading Eagle Newspaper

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Company, Fox News & Entertainment, Inc., Google, Inc., and Facebook, Inc. ("the media defendants"). Randall alleged that the municipal defendants had violated his First and Fourteenth Amendment rights by unlawfully prosecuting and defaming him. As relief, Randall sought to have his convictions vacated, an order that a property in California named "La Palace Royal" be purchased and provided to him, and $100 million in damages. Randall further alleged that the media defendants had committed the state law torts of defamation and placing him in a false light. From the media defendants, Randall sought a broadcast apology interview, to have his Facebook page unfrozen, a non-disclosure meeting with Mark Zuckerberg, to have the any defamatory information removed from search engines, and several hundred million dollars in damages. Randall also sought injunctive relief.

The District Court dismissed the complaint, with leave to amend, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Randall filed an amended complaint raising the same claims. The District Court again dismissed the action for failure to state a claim. Randall filed a motion for reconsideration and a request for a default judgment, both of which were denied. Randall appeals.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary. See Allah v.

_____

[1] Randall has also filed a motion for appointment of counsel.

[2] Randall filed a timely amended notice of appeal from the denial of reconsideration, as is required by Fed. R. App. P. 4(a)(4)(B)(ii); accordingly, we have jurisdiction to review the

3

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's denial of the Rule 59(e) motion for abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Pro se complaints must be construed liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and we accept the factual allegations contained in the complaint as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Dismissal of Randall's claim that he was defamed by the municipal defendants was appropriate. As the District Court explained, an individual does not have a protected interest in reputation alone. Thomas v. Indep. Twp., 463 F.3d 285, 297 (3d Cir. 2006) (citing Paul v. Davis, 424 U.S. 693, 701 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." Clark v. Twp. of Falls, 890 F.2d 611, 619 (3d Cir. 1989) (citing Paul, 424 U.S. at 701-12). Accordingly, a plaintiff must plead a "stigma-plus" claim in his complaint. See Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (explaining that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest").

denial of reconsideration. Cf. United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

4

Randall asserted that the press release defamed him and limited his prospects for employment as a musician. Randall's claim is foreclosed by the Supreme Court's decision in Paul v. Davis. There, the Court stated that a claim of defamation (by a police department that circulated a flyer imputing criminal behavior to a person) was not a federal claim even if it would "seriously impair [that person's] future employment opportunities." Paul, 424 U.S. at 697. Accordingly, Randall's complaint failed to state a "stigma-plus" claim, and the District Court was correct in dismissing it.

The District Court properly dismissed the claims against Berks County as Randall failed to allege any constitutional violation attributable to a Berks County custom or policy. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that Section 1983 liability attaches to a municipality only where the "government's policy or custom… inflicts the injury"). To the extent Randall identified Berks County's policy as failing to train and supervise District Attorney John Adams, this vague and conclusory allegation is insufficient to state a claim. Cf. Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (finding "vague assertions" of policy or custom were insufficient to impose liability).

Randall also raised a claim that his conviction was unconstitutional. We agree with the District Court that dismissal of Randall's claim seeking immediate release from his incarceration was appropriate because he may seek that relief only in a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, Randall also argued that his conviction was unconstitutional because he was criminally

5

prosecuted in retaliation for filing a civil action against the municipality. The District Court concluded that this claim was barred by the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which requires proof that a conviction has been invalidated. Randall alleged that the charge relating to organized crime was withdrawn by the prosecutor, but he admitted that he was convicted of several related charges.

Because Randall was not convicted of all of the charges, he might be able to meet the favorable termination requirement. See Kossler v. Crisanti, 564 F.3d 181, 188 (3d Cir. 2009) (en banc). In Hilfirty v. Shipman, we explained that a nolle prosequi disposition is a favorable termination unless the accused has entered into a compromise or surrendered something of value to obtain that outcome. 91 F.3d 573, 575, 580 (3d Cir. 1996). There is no evidence that the prosecutor withdrew the organized crime charge based on a compromise or negotiation. Thus, Randall may have pleaded a claim for retaliatory prosecution that is not barred by Heck.

Nevertheless, we may affirm on any ground apparent in the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). District Attorney John Adams is absolutely immune from liability for his decision to prosecute. See Hartman v. Moore, 547 U.S. 250, 261-62 (2006). To the extent that Randall raised this claim against any of the other defendants, he has not plausibly pleaded any adverse actions by the remaining defendants based on his lawsuit. Accordingly, Randall failed to state a claim for retaliatory prosecution.

Because no federal claim was actionable, the District Court did not abuse its discretion in declining to entertain Randall's state law claim for defamation or Randall's state law claims for defamation asserted against defendants in their individual capacity. See 28 U.S.C. § 1367(c)(3). Likewise, the District Court did not err when it dismissed the complaint without providing leave to amend, as Randall had previously been permitted to amend his complaint after being advised of the foregoing defects. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile). Finally, the District Court did not abuse its discretion in denying Randall's motion for reconsideration. Reconsideration is warranted if a litigant shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677 (citation omitted). As the District Court concluded, Randall did not establish any basis for reconsideration.

For the foregoing reasons, we will summarily affirm the judgment of the District Court. Randall's motion for appointment of counsel is denied.